## Dittman, Jr. v. Blymire

*Lewis H. Markowitz*, of *Markowitz, Kagen & Griffith,* for plaintiff.

*Daniel W. Shoemaker*, for defendants.

SHADLE, J., September 10, 1973.—This is a petition by defendants to open a judgment confessed against them by plaintiff on a note. Plaintiff filed an answer to the petition, depositions were taken by the parties, and argument thereon was had before the court.

Plaintiff and defendants entered into a written contract for the sale of real estate by plaintiff to defendants. The consideration was $19,750, for which a note for $2,000 was executed and delivered by defendants on

execution of the agreement, such note to be redeemed for cash at settlement, and the balance to be paid at settlement by additional cash and a mortgage loan from York Federal Savings and Loan Association. The agreement provided that such mortgage should be "approved by October 23, 1970." The agreement further provided that on default by either party, ". . . the injured party may . . . accept a sum equal to ten (10%) per cent of the agreed price of sale as liquidated damages, which said sum the other party hereby agrees to pay."

The agreement was dated October 8, 1970, and was ratified by plaintiff on October 15, 1970. Settlement was to be held on November 10, 1970. Defendants filed a loan application on October 16, 1970, with the proposed mortgagee which immediately ordered an appraisal and credit report. The appraisal was made on October 17, 1970. The executive committee of the mortgagee approved the loan, subject to a satisfactory credit report, on October 22, 1970. A satisfactory credit report was received and approved on October 30, 1970. The mortgagee executed a loan commitment letter on November 2, 1970, which it mailed to defendants on November 6, 1970. On November 9, 1970 defendants cancelled their loan application.

No settlement was held. Thereafter plaintiff's agent, to whom the note had been made payable, assigned the note to plaintiff, who confessed judgment thereon on September 27, 1971, against defendants for $2,000, the face amount thereof.

By their petition to open the judgment, defendants assigned as grounds for relief the facts (1) that judgment had been confessed against them by plaintiff personally and not by an attorney as required, (2) that their liability (if any) was limited under the agreement to 10 percent of the purchase price, or $1,975, as an

unliquidated claim for which plaintiff could not confess judgment for $2,000 on the purchase money note, and (3) that the terms of the agreement had not been satisfied because the required mortgage had not been approved by the specified date. By their brief they assigned a fourth ground, that the judgment was void under the rule of Swarb v. Lennox, 314 F. Supp. 1091 (1970), affirmed 405 U.S. 191 (1972).

The fourth ground is invalid because under Pa. R.C.P. 2959(c) all defenses and objections not included in the petition are waived, and such ground was not so included in defendants' petition. It is further without merit since the rule of Swarb v. Lennox, supra, by its terms applies only to "leases and consumer financing documents," and this transaction is not shown to fall into either category.

The first ground relating to the absence of an attorney in the confession of the judgment likewise is without merit. The Act of February 24, 1806, P. L. 334, sec. 28, as amended, 12 PS §739, specifically authorizes the prothonotary to enter judgment by confession on application of the holder or assignee without the agency of an attorney.

Defendants' second ground has merit. The $2,000 note clearly was given as security for payment of such amount as a "down payment" as part of the purchase price. It was not given as security for, or as a means of enforcing, the 10 percent liquidated damage clause. The agreement made no provision for confession of judgment for such liquidated damages, as it might have. Instead, the defaulting party merely "agrees to pay" such damages. There is a world of difference between a mere agreement so fixing liability and the amount thereof, and an agreement that an immediate judgment may be obtained and execution forthwith issued for such damages. Plaintiff may not convert

358

defendants' agreement to a confessed judgment for payment of part of the purchase price on settlement into an agreement to a confessed judgment for liquidated damages on default.

In our opinion defendants' third ground for relief also requires exploration by litigation. Defendants claim that the mortgage was not approved by the required date. Plaintiff contends that defendants unreasonably delayed in applying for the mortgage and cannot take advantage of their own conduct to escape liability. The interests of justice require that these issues be determined, taking into account the dates of execution of the contract, of application for the mortgage, of approval of the mortgage and the fact that defendants subsequently cancelled their application. Only then can it be determined whether plaintiff is entitled to recover liquidated damages for a default by defendants.

## ORDER

And now, to wit, September 10, 1973, the prayer of defendants' petition is granted, the rule issued thereon is made absolute, and the judgment is opened to permit determination of the issues consistent with this opinion. An exception is noted for plaintiff.